IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN #21-00923 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv108 |
| CHIEF P.D. OFFICER JASON PERRINI, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Esaw Lampkin, an inmate of the Henderson County Jail proceeding *pro se*, filed this civil rights action complaining of alleged violations of his constitutional rights, including an allegedly unconstitutional traffic stop and errors in the criminal proceedings against him. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

Now before the Court are two motions filed by Plaintiff seeking temporary restraining orders or preliminary injunctions. (Dkt. ##5, 6.) For the reasons expressed below, the Court recommends that both motions be denied.

**I. Plaintiff's Pending Claims and Motions**

Plaintiff's complaint names thirteen defendants and complains of a variety of alleged violations including an illegal traffic stop, errors by counsel in his criminal proceedings, and violations of Plaintiff's rights in jail. (Dkt. #1.) The Court has ordered Plaintiff to file an amended complaint to cure several defects, and this case thus awaits screening under the Prison Litigation Reform Act (PLRA).

In the first of his motions for preliminary injunctive relief, Plaintiff seeks an injunction ordering his release from what he characterizes as his illegal detention arising from his illegal arrest. (Dkt. #5.) In the second motion, Plaintiff seeks an order prohibiting any Henderson County agents from retaliating against him for filing this lawsuit. (Dkt. #6.)

**II. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are

insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Moreover, "district courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *report and recommendation adopted*, No. 3:18-CV-2117-N (BH), 2019 WL 2249719 (N.D. Tex. May 24, 2019) (same); *accord Omega World Travel Inc. v. Trans. World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). Where a plaintiff "seeks injunctive relief unrelated to the claims in her lawsuit, jurisdiction is lacking." *Bucklew*, 2019 WL 2251109, at *2. Accordingly, "[w]ithout a relationship between the motion and [the plaintiff's] underlying allegations, the Court cannot grant [his] injunction." *Brown v. United States, Dep't of Veterans Affs.*, No. 3:20-CV-063-DPJ-FKB, 2021 WL 1842136, at *2 (S.D. Miss. May 7, 2021).

Plaintiff's motions fail these tests. Without a complaint in the record that would survive screening, he has not established a substantial likelihood that he would prevail on the merits of any of his claims. Once the claims are more clearly defined in the anticipated amended complaint, his demand for release from confinement will likely be barred from present review by either *Heck v. Humphrey*, 512 U.S. 477 (1994), or *Profit v. Ouachita Par.*, 411 F. App'x 708 (5th Cir. 2011) (holding that district court "correctly stayed the proceedings in this civil action pending the resolution of the criminal charges" where the plaintiff challenged the legality of his arrest and

prosecution). And any future retaliation Plaintiff experiences would constitute new violations not at issue in this case, which must be brought in separate lawsuits against the responsible defendants. Otherwise, Plaintiff would be avoiding the filing fees owed for those separate claims, in violation of the PLRA and Rules 18–21 of the Federal Rules of Civil Procedure. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."); *see also Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions."); *Bonner v. Bosworth*, No. 3:10-CV-2150-O-BH, 2010 WL 11534476, at *1–2 (N.D. Tex. Nov. 30, 2010), *report and recommendation adopted*, No. 3:10-CV-2150-O-BH, 2011 WL 13199228 (N.D. Tex. May 2, 2011) ("Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act.").

Under these circumstances, Plaintiff has not demonstrated that he is entitled to the extraordinary equitable relief he seeks at this stage of the case.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motions for preliminary injunctive relief (Dkt. ##5, 6) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 9th day of June, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE