IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-108-JDK-JDL |
| | § | |
| JASON PERRINI, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Esaw Lampkin, a Henderson County Jail inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court are Plaintiff's motion for a preliminary injunction ordering his release from what he characterizes as illegal detention (Docket No. 5) and a motion seeking a restraining order prohibiting Henderson County agents from retaliating against him for filing this lawsuit (Docket No. 6). On June 9, 2023, Judge Love issued a Report and Recommendation recommending that the Court deny Plaintiff's motions. Docket No. 25. Plaintiff objected. Docket No. 29.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues the merits of his claim that he was illegally stopped by law enforcement. Docket No. 29. But he does not dispute or even address the Magistrate Judge's finding that, depending on the status of the criminal charges arising from that stop, this Court is likely barred from reviewing that claim by either *Heck v. Humphrey*, 512 U.S. 477 (1994), or *Profit v. Ouachita Parish*, 411 F. App'x 708 (5th Cir. 2011) (holding that district court "correctly stayed the proceedings in this civil action pending the resolution of the criminal charges" where the plaintiff challenged the legality of his arrest and prosecution). And he does not include any discussion of the recommended denial of preliminary injunctive relief against possible retaliation.

"The party seeking a preliminary injunction must show that the threatened irreparable harm is 'more than mere speculation,' and 'that the injury is imminent.'" *Rodden v. Fauci*, 571 F. Supp. 3d 686, 689 (S.D. Tex. 2021) (quoting *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011); *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986)). Plaintiff's motions do not rise to that level.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 25) as

the opinion of the District Court and **DENIES** Plaintiff's motion for a preliminary injunction (Docket No. 5) and motion seeking a restraining order (Docket No. 6).

So **ORDERED** and **SIGNED** this **28th** day of **July, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3