IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv108 |
| CHIEF PD OFFICER JASON PERRINI, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding pro se when he was an inmate of the Henderson County Jail, filed this lawsuit alleging various violations of his civil rights under 42 U.S.C. § 1983. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Background and Allegations**

Plaintiff originally sought to proceed *in forma pauperis* (IFP). (Dkt. #2.) Following the Court's observation that Plaintiff's history of meritless litigation barred him from proceeding IFP pursuant to 28 U.S.C. § 1915(g) (Dkt. #8), and an extension of time to pay the fee (Dkt. #17), Plaintiff paid the full filing fee to proceed with this case.

The Court then found that Plaintiff's original complaint was deficient in several respects, including being in excess of the applicable page limit for pleadings and attempting to join unrelated claims in a single action. (Dkt. #23.) Accordingly, on May 26, 2023, the Court gave Plaintiff thirty days from receipt of the order in which to file an amended complaint. (*Id.*)

Plaintiff filed his amended complaint on July 17, 2023. (Dkt. #30.) Upon initial review, the Court found that Plaintiff continued to assert unrelated claims improperly in a single pleading. The

Court therefore severed two sets of claims from this lawsuit, which are proceeding separately from this case. (Dkt. #33.) The only claims remaining for consideration in this action are Plaintiff's claims against Officer Bateman for an illegal stop and search that led to his arrest on September 5, 2021, which Plaintiff asserts was the result of racial profiling, and his related claims against Sheriff Hillhouse and Jason Perrini for failure to properly train or "correct" Bateman. (Dkt. #33 at 5–7, 10, 15.) Plaintiff alleges that Bateman's actions caused his illegal detention without probable cause, in violation of the Fourth Amendment. (*Id.* at 6–7, 16.)

Plaintiff appears to have ignored the Court's admonition about the need to include "details that are critical to [his claims'] present cognizability, including whether the criminal charges resulting from his arrest are still pending or how they concluded." (Dkt. #23 at 3.) But publicly available records of the 392nd District Court in the matter of *State of Texas v. Esaw Lampkin*, Case No. CR21-1099-173, establish that Plaintiff pleaded guilty on June 6, 2023, to the charge of unlawful possession of a firearm by a felon (attempted). *See* Register of Actions, available at https://portal-txhenderson.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=699906 (last visited Oct. 17, 2023).

**II. Legal Standards and Preliminary Screening**

At the time he files this lawsuit, Plaintiff was an inmate seeking redress from an officer or employee of a governmental entity. His pleading is thus subject to preliminary screening pursuant to 28 U.S.C. § 1915A(b), which requires *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis

in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696

(5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

Aside from the myriad other problems with Plaintiff's pleading, it is clear that his claims arising from his stop and search directly challenge the validity of his criminal conviction and are, therefore, not cognizable in a Section 1983 action. In *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

Courts in the Fifth Circuit have routinely found that *Heck* bars claims for racial profiling when a plaintiff asserts such a claim to challenge the probable cause of a search or seizure. *See Agnew v. Abe Factor and Campbell*, No. 4:17-cv-527, 2019 WL 2995908, at *5 (N.D. Tex. July 9, 2019) (collecting cases and finding the plaintiff's claims that he was arrested without probable cause and his equal protection rights were violated by racial profiling were barred by *Heck*, as a

favorable ruling "would necessarily imply the invalidity of his convictions in the state criminal cases"); *Santos v. Welty*, No. 5:20-cv-205, 2021 WL 1799828, at *7 (N.D. Tex. Mar. 25, 2021), *report and recommendation adopted*, 2021 WL 1792130 (N.D. Tex. May 5, 2021) (collecting cases and concluding that "*Heck* bars [the plaintiff's] remaining claims against [the defendants], i.e., those for unlawful search and seizure due to an alleged lack of probable cause, forged search warrant signatures, racial profiling, and fabrication of evidence"); *Foster v. Lazalde*, No. EP-18-cv-49, 2018 WL 1251923, at *3 (W.D. Tex. Mar. 9, 2018) (collecting cases).

Here, Plaintiff expressly connects his racial profiling claim to a lack of probable cause and consequent illegality of his detention. But those allegations inherently conflict with the acknowledgment, intrinsic in Plaintiff's guilty plea and conviction, that adequate evidence existed to convict him. Plaintiff's claims are thus barred by *Heck* as long as his conviction stands.

Ordinarily, dismissal of a claim as barred by *Heck* and *Dotson* is without prejudice to a plaintiff's ability to re-file his Section 1983 claim if and when he succeeds in having his conviction overturned or invalidated through proper means. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")

**IV. Conclusion**

For the reasons set forth above, Plaintiff's claim is barred by *Heck* and must be dismissed for failure to state a claim on that basis. *See Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim[.]").

RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed as barred by *Heck*, and thus for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). This dismissal should be without prejudice to Plaintiff's ability to refile his lawsuit if and when he succeeds in overturning his criminal conviction through state remedies or federal habeas proceedings.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 17th day of October, 2023.**

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE